Good morning, Your Honors. My name is Claude Statton. I'd like to first thank all of you for allowing me to have my voice heard here this morning before you. My case encompasses employment discrimination, for which I'm a long-term victim of. I've been employed by the NYPD. It'll be 32 years complete this July. The employment discrimination dates back as far as 30 years, whereas the several charges in regard to the employment discrimination, which I speak of, is preventing my career advancement. In 1988, I took my first promotional exam for the rank of sergeant, whereas the NYPD, through DCAS, had advised me that I had failed the exam that I clearly passed. I have documentation, which I submitted to the courts in regard to the complaint, proving that I, in fact, passed that exam. I was never placed on a promotional list. I was never promoted from that list. I went on to pass the promotional exam for the rank of sergeant three more times, the last three times consecutively, 2008, 2009, 2011. Not only did I pass the last sergeant's exam that I've taken, with the last, well, actually the last three I've taken, I was on a list each time. 2009 and 2011, they had me go before a career advancement review board, which was a panel of three. Most of the times, it was chiefs who were known and found to be corrupt through the department. This was the board I was to go before. The deputy commissioner of personnel was the last two times. Chief Hall, who was found to be guilty of conspiring to attack members of the department for their sexual orientation or his perceived sexual orientation of them, he was found to be guilty, whereas the court of appeals reversed the decision of the district court against him, and the department paid as a result. I'm not asking for anything less than reasonable. Myself included, I'm sorry. Here's my problem. You have alleged many, many things that sound very serious. Right. But most of them are beyond the time that we are permitted to look. Okay, sir. This is our problem. Okay. I'm going to get right to the point. I'm serious. I'm sorry. I want to know what things happened in the time when we can, when we're allowed to look, because the others. I'm going to expedite things, because if not, we'll be here until late afternoon. Okay. Apart from stopping my career advancement, unequal terms and conditions of my employment, retaliation, hostile work environment, harassment, both in and out of the workplace due to my color and my race, the department has used agents within the department, and they have recruited agents outside the department, other departments. I own a house in Sullivan County and Orange County. They've actually reached out to the department in Sullivan County, had them falsify official documents, send it to this department, and use this as a precipice to try to end my career and harm me. Committing criminal activity. Disparate treatment, it's something that I've dealt with throughout my career, and for myself, of engaging in protected activity, the level of attacks against me was, in fact, increased and intensified. I suffered these very acts as we speak. On July of 2017, the 5th, that was my individual vacation day, which I took off. Police Officer Amir Soltis, the late Police Officer Amir Soltis Familia, who took my place for one particular day, was killed, gunned down, because proper and adequate sanctions, or not sanctions, preventive measures were not taken. There was no bulletproof glass in the THV. The THV, Temporary Headquarters Vehicle, is what it stands for. This is a vehicle where the labor laws are broken to do this. As per the labor laws as they state, the commanding officer can allow one tour, not one tour, one four-hour period. I was assigned to solo posts and then fixed posts for a period greater than 12 years while assigned in the 46th Precinct. Most of them were shooting posts, where somebody was shot or killed prior. So as a result, the department would send and have a fixed post assigned there after the fact. I was the only one that was continuously assigned these posts. In the early beginning, there was a sky watch tower I would send in a location with no heat, in humane conditions. In the wintertime, I was sent there by myself. After that, they started the THV and other fixed posts. I would have a partner. Partners would rotate, but it was always me sent. The red light means you're out of time. Okay. Thank you. We'll hear from the other side. Will I have time for rebuttal, or is that everything? You didn't reserve rebuttal before, so you've used up your five minutes. Most courts don't allow pro ses or non-lawyers to argue at all. We do, but our practice is to give pro ses five minutes. All right. Thank you. We'll hear from the city. Good morning, Your Honors. Julie Steiner for the appellees. This is plaintiff's third federal lawsuit, the second one in this court, attempting to litigate basically the same employment discrimination. He claims new issues. He claims since the last time that he has been sent to dangerous posts. That is what's before us. The other things are not before us, so the question is, has he made an allegation of retaliation by sending to a dangerous post within the statute of limitations? As the district court correctly held, his unfavorable work assignment claims are all precluded. They were all raised in the prior Statton case, which I will call Statton 2, before this court. Or they are also extensions of those prior allegations, which the law clearly holds is also precluded. In any event, none of the claims that Mr. Statton alleges were, he failed to state a plausible claim in his current complaint. So putting aside that they are either precluded by claim preclusion or time barred because they are outside of the 300-day period under the EOC, he does not state a plausible claim for relief. In his racial discrimination claim, as the district court pointed out, he needed to allege an adverse employment action, which is something more than just a mere inconvenience. It needs to be a materially adverse change in employment, which did not occur here. For his race-based hostile work environment, again, the district court correctly held that there was no allegation of racial slurs or racial comments or anything that was severe and pervasive in that regard. And in regard to his retaliation claim, he needed to have a protected activity and a causal connection between that connected activity and some adverse employment action. He claims that there was a July 2015 EEOC complaint that was filed. As the district court pointed out, it's not even in any court submission. But even if this court were to consider that complaint, there needs to be a more temporal proximity, something that was very close in time. And the only allegation is that the Lieutenant Hillian refused to correct his sick leave reports, but that was outside three or four months after or before, I should say, that EEOC complaint. So that would be under the case law, including U.S. Supreme Court case law, too far, too attenuated to be considered timely. And many of the allegations now said here in this court were not found in this complaint. These are actually new things that I'm hearing today in this court, and I ask that this court not consider that. The district court, therefore, correctly held either claim preclusion, time barred, or clearly did not state a plausible claim and should be now for the third time correctly dismissed. Thank you, Your Honor. Thank you.